UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ORIC HOLDING LP, and | ) | |
| AIR RIDE TECHNOLOGIES, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 3:04-cv-0194-RLY-WGH |
| | ) | |
| AMERICAN INNOVATIVE | ) | |
| MANUFACTURING INDUSTRIES, INC., | ) | |
| JOSEPH MORROW, and | ) | |
| LINDA HARGRAVE, | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' FIRST AND SECOND MOTIONS FOR DISMISSAL PURSUANT TO RULE 12(b)(2) AND RULE 12 (b)(3) OR IN THE ALTERNATIVE, MOTION FOR STAY OR TRANSFER PURSUANT TO 28 U.S.C. § 1404 AND ON DEFENDANTS' MOTION FOR ORAL ARGUMENT**

This matter is before the court on Defendants' First and Second Motions for Dismissal Pursuant to Rule 12(b)(2) and Rule 12(b)(3) or in the Alternative, Motion for Stay or Transfer Pursuant to 28 U.S.C. § 1404,[1] and on Defendants' Motion for Oral Argument on their First Motion for Dismissal Pursuant to Rule 12(b)(2) and Rule 12(b)(3) or in the Alternative, Motion for Stay or Transfer Pursuant to 28 U.S.C. § 1404. For the following reasons, this case is hereby **stayed**.

**I.     Background**

---

[1] The court notes that these two Motions were filed on December 10, 2004 and December 14, 2004, respectively. The two Motions vary slightly in format but are substantively identical. The parties cite to Defendants' Second Motion in their briefing on this matter, but in the interest of clarifying matters on the court's docket, both Motions are resolved by this Entry.

1

Oric Holding, LP, a Virginia limited partnership, and Air Ride Technologies, Inc. ("ART"), an Indiana corporation, filed suit against American Innovative Manufacturing Industries, Inc., d/b/a Aim Industries, Inc., truckinsuspension.com, Aim Industry and/or airbagit.com (collectively, "AIM"), an Arizona corporation; Joseph Morrow, an Arizona resident; and Linda Hargrave, an Arizona resident (collectively, "Defendants"). ART's suit alleges patent infringement, trademark infringement, false advertising, false designation of origin, domain name cybersquatting, unfair competition, and deception.

On April 19, 2004, Bret and Sharon Voelkel, ART's owners, formed Oric Holding, LP in order to file suit against Defendants in the Eastern District of Virginia. That suit alleged infringement of Bret Voelkel's '186 and '918 patents and of ART's federally registered marks. Thereafter, Oric filed another suit in the Eastern District of Virginia, seeking a declaratory judgment holding Morrow's '602 patent invalid.

The Eastern District of Virginia ordered limited discovery to ensure Virginia was the proper location for the proceedings. While executing the discovery order, AIM found evidence of ART infringing Morrow's '602 patent. However, there was no need for a hearing at that time because ART voluntarily dismissed the Virginia action. AIM then filed suit in the District of Arizona based upon its discovery in the Virginia action. After AIM filed suit in Arizona, ART re-filed its original complaint from Virginia here in the Southern District of Indiana.

**II.     Analysis**

When federal courts face the prospect of concurrent proceedings, the general

principle is to avoid duplicative litigation. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); *see Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952). Duplicative litigation is best avoided by staying rather than dismissing the proceedings of all suits filed after the first, because dismissal could preclude a party from having their day in court. *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444-45 (7th Cir. 2000) (subsequent proceedings should be stayed to insure the party filing second does not face legal prejudice should the party filing first dismiss its own suit); *see, e.g. Deakins v. Monaghan*, 484 U.S. 193, 202-04 (1988) (dismissal is only appropriate when it is absolutely clear that dismissal cannot adversely affect any litigant's interest).

AIM's Arizona Complaint satisfies the provisions of Federal Rule of Civil Procedure 8(a), and there is nothing in the record to support ART's contention that the Arizona Complaint is merely cursory and preemptive. The interests of all parties will be properly protected if the current proceedings are stayed pending the outcome of the Arizona proceedings. *Central States*, 203 F.3d at 445.

**III. Conclusion**

For the foregoing reason, Defendants' First and Second Motions for Dismissal Pursuant to Rule 12(b)(2) and Rule 12(b)(3) or in the Alternative, Motion for Stay or Transfer Pursuant to 28 U.S.C. § 1404 are **granted in part**, in that these proceedings are hereby **stayed** pending the outcome of the Arizona proceedings. Defendants' Motion for Oral Argument on their First Motion for Dismissal Pursuant to Rule 12(b)(2) and Rule

12(b)(3) or in the Alternative, Motion for Stay or Transfer Pursuant to 28 U.S.C. § 1404 is **denied**.

      The clerk of the court is hereby **ordered** to administratively close this case.  The case will be reopened if a party so requests within thirty (30) days of entry of a final judgment in Arizona.


**Dated:  July 22, 2005.**

                                                      _____
                                                    RICHARD L. YOUNG, JUDGE
                                                    United States District Court
                                                    Southern District of Indiana


Electronic Copies to:

John Elmer Birk
BIRK & BIRK
jebirk@birklawfirm.com

Sharon L. Bohnenkemper
SHANEYFELT & BOHNENKEMPER
sblawoff@fullnet.com

Ajay A. Jagtiani
JAGTIANI & GUTTAG
ajay@jagtiani.com

Wendy S. Neal
SNELL & WILMER LLP
wneal@swlaw.com

Eric James Schue
BIRK & BIRK
ejschue@birklawfirm.com

Michael C. Whitticar
JAGTIANI & GUTTAG
michael.whitticar@jagtiani.com


Copy to:

Lance Entrekin
Law Offices of Lance Entrekin
One East Camelback Road
Suite 550
Phoenix, AZ 85012